UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN J BROWN,

          Petitioner,

v.                                                                                    Case No. 21-cv-1412-bhl

STATE OF WISCONSIN, et al.,

          Respondents.

## SCREENING ORDER

        On December 14, 2021, petitioner Brian J. Brown, a state prisoner currently incarcerated at Dodge Correctional Institute in Waupun, Wisconsin filed a petition for a writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) On the same day, Brown also filed a motion for leave to proceed without prepaying the filing fee along with his prisoner trust fund account statement. (ECF Nos. 2, 3.) Based on his submissions, the Court denied the motion, and Brown subsequently paid the filing fee on February 2, 2022. (ECF No. 6.)

        Rule 4 of the Rules Governing §2254 Cases, requires the Court to screen Brown's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

        Brown was convicted of two counts of first-degree sexual assault and two counts of second-degree sexual assault in Milwaukee County Circuit Court and is currently serving a 120-year sentence. (ECF No. 1 at 2.)

Brown's petition asserts only one apparent ground for relief: that he was convicted without "factual evidence." (*Id.* at 8.) In the other spaces provided, rather than listing grounds for relief, Brown writes at length about the appropriate appellate standard of review and demands a hearing be scheduled immediately. (*Id.* at 7.)

A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982). Brown's petition indicates that he did not appeal from the judgment of conviction, did not seek further review by the highest state court, did not file a petition for certiorari in the United States Supreme Court, and did not file any other state petitions, applications, or motions concerning the judgment of conviction. (ECF No. 1 at 3-4.) Because Brown has not yet exhausted his state court remedies, he cannot proceed with a habeas petition related to these convictions at this time. The Court will therefore dismiss the petition without prejudice so that he can complete and exhaust his state court remedies.

**IT IS HEREBY ORDERED** that, pursuant to Rule 4 of the Rules Governing §2254 Cases, the petition for writ of habeas corpus is **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin on April 8, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge